UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERDAL BOLUKGIRAY,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

Case No. 25-cv-09452-EKL

**ORDER GRANTING MOTION TO DISMISS IN PART**

Re: Dkt. No. 21

United States District Court
Northern District of California

This action arises out of a decision by Defendants United States Citizenship and Immigration Services ("USCIS") and United States Department of Homeland Security ("DHS") to deny Plaintiff Erdal Bolukgiray's Form I-730 refugee/asylee relative petition, which requested derivative asylum status for his spouse. Bolukgiray claims that USCIS relied on false, undisclosed information in its denial, thus violating the Administrative Procedure Act ("APA"), the Immigration and Nationality Act ("INA"), and the Due Process Clause of the Fifth Amendment. Defendants move to dismiss. The Court carefully reviewed the parties' briefs and the relevant law and heard argument on the motion. The Court also permitted supplemental briefing at Defendants' request. For the following reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## I. BACKGROUND

### A. Factual Background

An asylee or refugee may apply for derivative asylum or refugee benefits for their spouse or children by filing a Form I-730 (refugee/asylee relative petition). Mot. to Dismiss at 2, ECF No. 21 ("Mot."). If the beneficiary is eligible and the application is successful, the beneficiary may be granted identical status as the applicant. *Id.*; *see* 8 C.F.R. § 208.21(a). USCIS is

responsible for determining eligibility for Form I-730 petitions; for beneficiaries in Türkiye, petitions are processed by the USCIS Ankara International Field Office. Mot. at 3. This overseas eligibility processing includes determining whether the beneficiary is inadmissible under statutory or other grounds. *Id.* If approved, the beneficiary is issued a transportation letter or boarding foil, which can be presented upon arrival in the United States to gain admission into the country. *Id.* If USCIS determines that the beneficiary is not eligible, it may issue a Notice of Intent to Deny ("NOID"). *See* USCIS Policy Manual, Vol. 4, Part C, Ch. 5(F), https://www.uscis.gov/policy-manual/volume-4-part-c-chapter-5 [https://perma.cc/P7SJ-Y5VV]. If the applicant fails to respond to the NOID, the Form I-730 may be subsequently denied both based on the record and for abandonment. *Id.*; *see* 8 C.F.R. § 103.2(b)(13)(i). The denial is unappealable, but the petitioner may file a motion to reopen/reconsider, which must state new facts and reasons for reconsideration supported by evidence to overcome the denial. *See* 8 C.F.R. §§ 208.21(e), 103.5(a)(1)(i), 103.5(a)(2), 103.5(a)(3).

Plaintiff Erdal Bolukgiray is an asylee who lives in the United States and runs a travel business with his wife in Türkiye. Opp. at 5, ECF No. 21; Compl. Ex. B at 1, ECF No. 1. On March 19, 2025, Bolukgiray filed a Form I-730 to extend his asylum status to his wife. Opp. at 5; Compl. Ex. D at 4. USCIS issued a NOID on May 23, 2025, stating that "government records" and "the beneficiary's testimony" contained evidence that Bolukgiray's spouse enabled visa fraud by issuing false employment records as an employee of Bolukgiray's company, thus meeting the definition of an "alien smuggler" and rendering her ineligible for asylee status. Compl. Ex. D at 4. Bolukgiray did not immediately reply to the NOID because his counsel requested an extension of the response deadline in order to gather more information.[1] *See* Opp. at 5. However, the extension was not granted. Opp. Ex. A at 2, ECF No. 24. USCIS denied the Form I-730 on July 9, 2025, both on the record for "alien smuggling" and for abandonment because it "did not receive a response to the NOID by the required date." Compl. Ex. D at 4-5. Bolukgiray filed a motion to reopen/reconsider on August 6, 2025, which was denied on September 22, 2025, because it did not

[1] Plaintiff is not presently represented by counsel in this case.

"establish new facts that [overcame] the grounds for the denial . . . establish that the decision was based on an incorrect application of the law . . . or establish that the decision was incorrect based on the evidence of record." Compl. Ex. D at 2.

On August 6, 2025, Bolukgiray filed a Freedom of Information Act ("FOIA") request with USCIS seeking all documents relating to his spouse. Compl. Ex. G at 1. USCIS stated that it forwarded the documents to the State Department. *Id.* Plaintiff filed FOIA requests with the State Department but was unsuccessful in obtaining any relevant documents. Opp. at 5 & Ex. C; Compl. Exs. C, E. Thus, Bolukgiray received no documentation relating to the allegations against his spouse, and he denies that his spouse engaged in visa fraud. Opp. at 5; Compl. Ex. B. There is no evidence before the Court substantiating USCIS's allegations that Bolukgiray's spouse engaged in "alien smuggling" or any other wrongful conduct.

**B. Procedural Background**

Bolukgiray filed a pro se complaint against USCIS and DHS on November 3, 2025, asserting three separate claims. Compl. at 4-7. First, Bolukgiray claims that the denial of the Form I-730 and his motion to reopen/reconsider was arbitrary and capricious under the APA because it was based on "false and unverified allegations." *Id.* at 4. Second, he claims that USCIS's determination that his spouse is an alien smuggler was a legal error that violated the INA. *Id.* at 7. Third, he claims that Defendants violated the Due Process Clause of the Fifth Amendment by not providing him the opportunity to see the evidence underlying Defendants' allegations that his spouse is an alien smuggler, thus denying him a "fair process." *Id.* at 5. For relief, the complaint asks the Court to order Defendants to approve the Form I-730 and prohibit Defendants from using the allegation of alien smuggling in "any future decisions." *Id.* at 6. However, in his opposition to Defendants' motion to dismiss, Bolukgiray clarified that he no longer challenges the ultimate decision on the Form I-730. Instead, he solely claims that USCIS violated its own regulations when it allegedly failed to disclose the purported evidence it relied upon to support the alien smuggling allegation. Opp. at 7-9. Bolukgiray further clarifies that the relief he seeks is the vacatur of the decision on the Form I-730 and a remand to USCIS to reconsider the application in accordance with applicable regulations. *Id.* at 10. Finally, at the

motion hearing, Bolukgiray stated that he is only pursuing the APA claim as it relates to the violation of USCIS's own regulation.

Defendants moved to dismiss on May 5, 2026. Mot. at 1. As Bolukgiray had not yet clarified and narrowed his claims, Defendants' motion understandably focused on the complaint's challenge of the ultimate denial of the Form I-730. *Id.* However, Defendants' reply brief maintained the same arguments despite Bolukgiray's clarification in his opposition that he merely challenges the process before the decision. Reply at 1-2, ECF No. 28. At oral argument, the Court granted Defendants' request for supplemental briefing specifically addressing the claim that USCIS violated its own regulation. On July 15, 2026, Defendants filed their supplemental brief. Supp. Br., ECF No. 31.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint if the plaintiff fails to demonstrate that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). In ruling on a Rule 12(b)(1) motion that raises a facial attack to subject matter jurisdiction, the court accepts "all factual allegations in the operative complaint as true and draw[s] all reasonable inferences in the plaintiff's favor." *Searle v. Allen*, 148 F.4th 1121, 1128 (9th Cir. 2025).

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*,

649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

"[P]ro se pleadings, such as the [complaint] in this case, are to be liberally construed on a motion to dismiss." *Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005). A plaintiff need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *See id.* at 1041. A pro se complaint therefore "should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Bd. of Dental Examiners of Cal.*, 777 F.2d 462, 464 (9th Cir. 1985). Even when liberally construing a pro se complaint, however, the court may not supply an essential element that was not pled. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).

## III. DISCUSSION

Defendants primarily move to dismiss on the basis that the Court lacks jurisdiction over the APA claim. The Court addresses this issue first, then addresses whether Plaintiff has stated a claim under the APA, the INA, or the Due Process Clause.

### A. APA Claim

#### 1. The Court has jurisdiction over the APA claim.

Defendants argue that the Court lacks jurisdiction to review the APA claim under the doctrine of consular nonreviewability and the INA's jurisdiction-stripping provision. Mot. at 5-8. Neither argument is persuasive. As explained below, the doctrine of consular nonreviewability is inapplicable here. And, although the INA prohibits the Court from reviewing the final discretionary adjudication of a Form I-730, it does not prohibit the Court from reviewing whether Defendants followed mandatory procedure in the process of making that decision.

*Doctrine of Consular Nonreviewability*: The doctrine of consular nonreviewability is a longstanding principle which holds that "a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Allen v. Milas*, 896 F.3d 1094, 1104 (9th Cir. 2018) (quoting

*Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008)); *see also Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) ("[T]he action of an executive officer to admit or to exclude an alien is final and conclusive." (citation modified)). Defendants argue that this doctrine prohibits the Court from reviewing the final decision regarding Bolukgiray's Form I-730 – and any aspect related to that decision – because the transportation letter or boarding foil provided by an approved Form I-730 is "like a visa." Mot. at 3, 5-6; Reply at 2-3. However, a transportation letter or boarding foil is not a visa; it merely "provide[s] assurance to airline carriers that they may transport the Form I-730 beneficiary to the United States without liability" and allows admission into the United States at a port of entry. USCIS Policy Manual, Vol. 4, Part C, Ch. 5(D)(1).

At the motion hearing, Defendants acknowledged that they lacked Ninth Circuit authority extending the doctrine of consular nonreviewability to claims arising from the denial of a Form I-730. In their supplemental brief, Defendants rely on three out-of-circuit cases purporting to show the application of this doctrine to a Form I-730 adjudication. Supp. Br. at 2. Two of the cases are inapposite. In both cases, the Form I-730 was approved, and the plaintiffs brought claims based on the subsequent denial of a visa, which falls squarely within the traditional scope of consular nonreviewability.[2] The third case seems to apply the doctrine of consular nonreviewability to a claim seeking review of a Form I-730 denial, but the court did not expressly address why the doctrine extends to such a claim. *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 464-67 (S.D.N.Y. 2008). In sum, none of Defendants' supplemental authority provides a reasoned basis for extending the doctrine of consular nonreviewability. Therefore, the Court declines to extend the doctrine to cover decisions regarding a Form I-730, transportation letters, or boarding foils, because those decisions are not equivalent to the denial of a visa.

---

[2] In *Dong v. Ridge*, the Form I-730 was approved but not received by the relevant consular office before the child beneficiary reached the age of 21, thus causing his visa to be denied. No. 02 CIV. 7178(HB), 2005 WL 1994090, at *3-5 (S.D.N.Y. Aug. 18, 2005), *dismissed sub nom.*, *Li Qiu Dong v. Mukasey*, 284 F. App'x 856 (2d Cir. 2008). In *Alharbi v. Miller*, the plaintiffs challenged the "defendants' decision to refuse plaintiffs' immigrant visas after having [approved their Form I-730 petitions]." 368 F. Supp. 3d 527, 541, 552-55 (E.D.N.Y. 2019), *aff'd in part, dismissed in part*, 829 F. App'x 570 (2d Cir. 2020).



United States District Court
Northern District of California

*INA's Jurisdiction-Stripping Provision*: In contrast, Defendants are correct that the INA strips federal district courts of jurisdiction to review the final adjudication of a Form I-730. The INA provides that:

> [No court shall have jurisdiction to review] any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). The INA thus strips courts of jurisdiction regarding actions that are under the discretion of the Attorney General or the Secretary of Homeland Security. *See Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024) ("We read 'any other decision or action' expansively to cover all determinations made in support of a grant of discretionary relief under subsection (ii).").

The statutory basis of the Form I-730 petition reads as follows: "A spouse or child . . . of an alien who is granted asylum under this subsection *may*, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien." 8 U.S.C. § 1158(b)(3)(A) (emphasis added). The word "may" is "permissive language" that "brings along the usual presumption of discretion." *Vega v. USCIS*, 65 F.4th 469, 471 (9th Cir. 2023) (quoting *Poursina v. USCIS*, 936 F.3d 868, 871 (9th Cir. 2019)); *see also Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) ("[T]he word 'may' *clearly* connotes discretion." (quoting *Biden v. Texas*, 597 U.S. 785, 802 (2022)). Because the decision to grant or deny derivative asylum status is discretionary under 8 U.S.C. § 1158(b)(3)(A), the final decision to accept or reject a Form I-730 is unreviewable. *See, e.g.*, *Doe v. Risch*, 398 F. Supp. 3d 647, 654-55 (N.D. Cal. 2019).

Additionally, the APA's review provisions do not circumvent the jurisdiction-stripping provision of the INA under these circumstances. The APA's standards of review allow courts to "hold unlawful and set aside agency action, findings, and conclusions found to be," among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Courts have long held that the APA creates a presumption of reviewability regarding agency action, but this presumption does not apply where the statute in question

"preclude[s] judicial review." 5 U.S.C. § 701(a)(1); *see Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140 (1967) ("[T]he [APA] . . . embodies the basic presumption of judicial review . . . so long as no statute precludes such relief or the action is not one committed by law to agency discretion."). In stating that no court shall be able to review the discretionary decisions of the Attorney General or Secretary of Homeland Security, 8 U.S.C. § 1252(a)(2)(B)(ii) is one such statute that precludes judicial review. Therefore, the APA provides no recourse for Bolukgiray to the extent that he challenges the ultimate discretionary denial by USCIS. *See Chairez v. Mayorkas*, 168 F.4th 1227, 1232 (9th Cir. 2026) (holding that the APA's presumption of judicial review does not apply to "Congress's explicit and expansive jurisdiction-stripping wording in § 1252(a)(2)(B)(ii)").

Although the INA strips the Court of the ability to review the denial of the Form I-730, Bolukgiray's more narrow contention that USCIS violated its own mandatory regulation in the process preceding the denial carries weight. Opp. at 7. Indeed, while discretionary decisions such as the denial of Bolukgiray's Form I-730 are exempt from judicial review, the question of whether USCIS followed the applicable laws or regulations in the decision-making process is not subject to the jurisdiction-stripping provision of the INA. *See Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 995-96 (N.D. Cal. 2018).

In *Jane Doe 1*, DHS denied the refugee applications of 87 Iranian religious minorities. *Id.* at 980. Although the relevant law required refugee application denials to state the reason for the denial "to the maximum extent feasible," the notices of ineligibility merely stated that the applications were denied "as a matter of discretion." *Id.* at 980, 982. The court recognized that 8 U.S.C. § 1252(a)(2)(B)(ii) precluded review of the application denials because refugee admittance decisions are under the discretion of the Attorney General. *Id.* at 995. However, the plaintiffs did not dispute the final decisions and instead "merely ask[ed] that the Defendants be required to follow the process Congress mandated . . . so they can have a fair opportunity to pursue their hope for family reunification in the United States." *Id.* at 996. Rejecting DHS's argument that principles of nonreviewability precluded judicial review of "any aspect" of the plaintiffs' refugee application denials, the court found that judicial review of the refugee application decisions was "entirely distinct" from judicial review of whether the defendants had followed mandatory

procedures in the process. *Id.* Therefore, the court found that 8 U.S.C. § 1252(a)(2)(B)(ii) did not preclude review of the plaintiffs' claims and ultimately set aside the notices of ineligibility under 5 U.S.C. § 706(2). *Id.* at 996, 1004.

The denial of Bolukgiray's Form I-730 and his subsequent challenge of whether USCIS followed mandatory procedure closely mirrors the claim that was found to be reviewable in *Jane Doe 1*. Like the plaintiffs in *Jane Doe 1*, Bolukgiray narrowly challenges the way notice was provided, and claims that USCIS did not follow applicable regulations in its decision-making process. Opp. at 7; Compl. at 3. The Court holds that, as in *Jane Doe 1*, the narrow claim of whether USCIS followed relevant and mandatory regulations prior to the discretionary denial of Bolukgiray's Form I-730 is judicially reviewable under 5 U.S.C. § 706(2), even though the final decision itself is not subject to judicial review. This distinction is critical because while USCIS "retains an enormous amount of authority and discretion to adjudicate refugee applications," it does "not have the discretion to violate the law." *Jane Doe 1*, 357 F. Supp. 3d at 996.

**2. Bolukgiray plausibly alleges that Defendants violated the APA.**

Having established jurisdiction over Bolukgiray's APA claim, the Court now addresses Bolukgiray's contention that USCIS violated its regulations in the process of his Form I-730 adjudication. The Court finds that Bolukgiray plausibly alleges that Defendants acted contrary to regulation by refusing to provide him with the "government records" and other information that USCIS relied upon in determining that his spouse engaged in alien smuggling.[3]

8 C.F.R. § 103.2, a regulation promulgated by DHS, provides the procedure for the filing and processing of benefits requests such as a Form I-730. Section 103.2(b)(16), entitled "Inspection of evidence," states that "[a]n applicant or petitioner shall be permitted to inspect the

[3] Bolukgiray's complaint does not identify a specific regulation that Defendants violated. However, he notes in his due process claim that he is challenging USCIS's decision to not provide him with "any chance to see or answer the evidence." Compl. at 5. Because a pro se plaintiff's complaints is construed liberally, Bolukgiray's failure to cite regulations is not fatal to his APA claim. The complaint's factual allegations put Defendants on notice of his claim, and the Court permitted Defendants to file a supplemental brief addressing this issue.

United States District Court
Northern District of California

record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs." Paragraph (i) then provides:

> If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section.

8 C.F.R. § 103.2(b)(16)(i). Paragraph (ii) states that "[a] determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner," unless the information is classified under paragraphs (iii) and (iv). 8 C.F.R. § 103.2(b)(16)(ii).

The Court concludes that 8 C.F.R. § 103.2(b)(16) requires USCIS to disclose the information and evidence that constitutes the basis for its determination of statutory ineligibility, unless the information is expressly exempted from the disclosure requirement. This conclusion follows from the text and structure of the regulation. The relevant provision begins with a presumption that the applicant "*shall* be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs." 8 C.F.R. § 103.2(b)(16) (emphasis added). The use of "shall" conveys that USCIS has a mandatory obligation to permit "[i]nspection of evidence," and this obligation is limited in scope only by the confidentiality exceptions enumerated in the regulation. *See id.* Next, paragraph (i) imposes an additional requirement in cases where an adverse decision is based on derogatory information unknown to the applicant. 8 C.F.R. § 103.2(b)(16)(i). In such cases, USCIS must permit inspection ***and*** provide the applicant an "opportunity to rebut the [unknown derogatory] information and present information . . . before the decision is rendered." Paragraph (ii) provides a consequence for USCIS's violation of the inspection and disclosure requirements. Specifically, paragraph (ii) requires USCIS to base its determination of statutory eligibility "only on information contained in the record of proceeding which is disclosed to the petitioner." 8 C.F.R. § 103.2(b)(16)(ii). Thus, USCIS is prohibited from relying on information that it failed to disclose.

United States District Court
Northern District of California

Other courts have similarly concluded that USCIS must disclose the actual evidence underlying a determination of statutory ineligibility. In *Ghafoori v. Napolitano*, USCIS denied an applicant's Form I-730 based on derogatory information that was unknown to the plaintiff. 713 F. Supp. 2d 871, 875 (N.D. Cal. 2010). Specifically, based on a "bone-age assessment," USCIS concluded that a purported child beneficiary was in fact over the age of 21 and therefore ineligible for derivative asylum status. *Id.* at 874-75. USCIS disclosed a doctor's letter and a summary of the bone-age assessment but did not provide the underlying x-rays. *Id.* at 875. The plaintiff requested copies of the x-rays and attempted to retrieve them via a FOIA request, but they were never provided. *Id*. The court determined that USCIS's failure to provide the plaintiff with the x-rays violated 8 C.F.R. § 103.2(b)(16)(ii) because the regulation requires "full disclosure of the information on which a determination of statutory eligibility is based." *Id.* at 880-81 ("The Service therefore violated its own regulations by failing to disclose the x-rays on which it relied – by way of the doctor's assessment – in denying Plaintiff's petition."). Without access to the x-rays, the plaintiff lacked a meaningful opportunity to rebut the information relied upon by USCIS. *Id.* at 880. The court ultimately granted summary judgment for the plaintiff, remanding to USCIS to reconsider the Form I-730 based only on evidence that was disclosed to the plaintiff. *Id.* at 881.

In *Naiker v. USCIS*, USCIS revoked a Form I-130 (alien relative visa petition) because it concluded that the marriage in question was fraudulent based on certain e-mails; but instead of disclosing the emails, USCIS merely provided a summary. 352 F. Supp. 3d 1067, 1071, 1076 (W.D. Wash. 2018). The court, citing *Ghafoori*, held that providing only a summary of the e-mails violated the disclosure requirement of 8 C.F.R. § 103.2(b)(16)(ii). *Id.* at 1076-78. As in *Ghafoori*, the court noted that the failure to disclose the actual documents prevented an opportunity to meaningfully rebut as required under paragraph (i). *Id.* at 1078.

Not all courts follow this reasoning. For example, in *Brinklys v. Johnson*, USCIS denied a Form I-130 based on its conclusion that the plaintiff's marriage was fraudulent. 175 F. Supp. 3d 1338, 1347 (M.D. Fla. 2016), *aff'd sub nom.*, *Brinklys v. Sec'y, Dep't of Homeland Sec.*, 702 F. App'x 856 (11th Cir. 2017). The court held that it was sufficient for USCIS to summarize the police reports, property records, and statements of family members that it relied upon without

disclosing the actual records. *See id.* at 1342-43, 1354-55. However, the Court does not find *Brinklys* or the authority it relies upon persuasive. In each of these cases, the courts examined paragraph (i) in isolation from the rest of the regulation. *See Mangwiro v. Johnson*, 554 F. App'x 255, 261 (5th Cir. 2014) ("The plain language of § 103.2(b)(16)(i) . . . does not require USCIS to provide documentary evidence of the information, but only sufficient information to allow the petitioners to rebut the allegations."); *Ogbolumani v. Napolitano*, 557 F.3d 729, 735 (7th Cir. 2009) ("[Paragraph (i)] does not require USCIS to provide, in painstaking detail, the evidence of fraud it finds."). These courts interpreted the requirement in paragraph (i) – that the applicant must have an "opportunity to rebut" unknown derogatory information – as encompassing the whole of the government's disclosure obligations. In other words, the courts held that USCIS must disclose just enough information to permit rebuttal. *See, e.g., Mangwiro*, 554 F. App'x at 261. But this interpretation is inconsistent with the plain text of the regulation, which is entitled "[i]nspection of *evidence*" and requires USCIS to disclose and permit inspection of "*the record of proceeding* which constitutes the basis for the decision." 8 C.F.R. § 103.2(b)(16) (emphasis added). Therefore, the scope of an applicant's right to inspection – and the scope of the government's disclosure obligation – is defined by the information and evidence that USCIS relies upon as the "basis" for its decision.[4]

Returning to the facts of this case, Bolukgiray plausibly alleges that Defendants violated 8 C.F.R. § 103.2(b)(16) when they failed to provide the "government records" that formed the basis of the alien smuggling determination. If USCIS relied on "government records," the records are part of the "basis for the decision" to deny the Form I-730, and they should have been disclosed under the plain language of § 103.2(b)(16). This conclusion is consistent with *Ghafoori* and

[4] The Ninth Circuit has not directly addressed the scope of the evidentiary inspection and disclosure requirements of 8 C.F.R. § 103.2(b)(16). In *Hassan v. Chertoff*, the Ninth Circuit rejected a narrow claim under 8 C.F.R. § 103.2(b)(16)(i) that the government failed to advise the plaintiff of derogatory information. 593 F.3d 785, 788-89 (9th Cir. 2010) (per curiam). Based on the record in that case, the Ninth Circuit held that the government complied with the regulation because the plaintiff "was aware of the information against him" and was provided an opportunity to rebut it. The plaintiff apparently did not raise, and the Ninth Circuit did not expressly address, a claim based on the government's failure to disclose or permit inspection of documentary evidence.

*Naiker*. Moreover, even under the narrower disclosure requirement adopted in *Brinklys* and the cases it cites, further disclosure regarding the alien smuggling allegations would have been required here. To the extent the touchstone of the disclosure requirement is an "opportunity to rebut" derogatory information, based on the facts alleged in the complaint, Bolukgiray was not provided such an opportunity. USCIS did not even summarize the contents of the "government records" it relied upon. Instead, USCIS merely asserted that records and testimony supported its allegation that Bolukgiray's spouse engaged in alien smuggling.[5] If USCIS had provided the records in question, Bolukgiray could have taken issue with the veracity of the records or provided information that directly contradicted them. Without the records, the only way to contest the allegation was simply to deny it. This is not a meaningful rebuttal.[6] Therefore, Bolukgiray plausibly alleges that USCIS denied him the ability to inspect the record of proceeding in violation of § 103.2(b)(16).

Accordingly, the motion to dismiss Bolukgiray's APA claim is denied because he plausibly alleges that Defendants violated 8 C.F.R. § 103.2(b)(16) by not providing him with the evidence USCIS used to support the alien smuggling allegation prior to denying his Form I-730.

**B. INA Claim**

Bolukgiray also claims that USCIS violated the INA by allegedly committing a legal error in determining that the provision of employment letters constitutes smuggling. Compl. at 7.[7] However, the INA's jurisdiction-stripping provision, 8 U.S.C. § 1252(a)(2)(B), removes the ability

[5] Bolukgiray did not provide the Court with the NOID. Instead, for the purposes of this motion to dismiss, the Court relies on the description of the NOID contained within the ultimate denial and Bolukgiray's representations of the NOID in determining that it did not contain significantly more descriptive language than the denial itself. *See* Compl. Ex. D at 4; Opp. at 5.

[6] Bolukgiray's Form I-730 was also denied due to abandonment. However, abandonment did not preclude summary judgment for the plaintiff in *Ghafoori*, where the plaintiff also did not substantively respond to the NOID. *See Ghafoori*, 713 F. Supp. 2d at 877-78 ("Plaintiff's failure to proffer a substantive rebuttal to the notice of intent to deny would not, by itself, be an appropriate basis for dismissal."). Accordingly, abandonment does not bar Bolukgiray's claim from proceeding at the motion to dismiss phase.

[7] Defendants apparently did not recognize this claim as a separate cause of action – perhaps due to its unexpected placement in the "Exhibits / Attachments" section of the complaint. *See* Compl. at 7. Nonetheless, the claim was essentially addressed by Defendants' jurisdiction-stripping arguments as they relate to the APA claim.

of courts to review discretionary decisions of the Attorney General or Secretary of Homeland Security, which includes determinations made "in support of the ultimate discretionary decision." *Zia*, 112 F.4th at 1200-01. Therefore, the determination by the consular officer that the provision of false employment records constitutes alien smuggling – whether correct or not – is unreviewable because it is a determination that was made in support of the ultimate discretionary decision to deny the Form I-730. *Id.*; *cf. Allen*, 896 F.3d at 1107 (holding that courts cannot review a consular officer's alleged legal error made in the discretionary denial of a visa). Accordingly, the INA claim is dismissed.

**C. Due Process Claim**

Bolukgiray also claims that Defendants violated his due process rights under the Fifth Amendment by denying him a "fair process." Compl. at 5. The Court concludes that Bolukgiray's procedural due process claim must be dismissed because he lacks either a procedural due process right to have his spouse admitted to the United States or "procedural due process rights in the visa proceedings of others." *See Muñoz*, 602 U.S. at 909-11, 916-19; *Gonzalez v. United States Dep't of State*, 174 F.4th 683, 693 (9th Cir. 2026). At the motion hearing, Bolukgiray acknowledged that his due process claim could not proceed in light of this Supreme Court and Ninth Circuit authority. Accordingly, the motion to dismiss the due process claim is granted.

**D. Dismissal is Without Leave to Amend**

The Court finds that Plaintiff's due process and INA claims should be dismissed without leave to amend. In making this determination, the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the [Plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court does not find bad faith or dilatory motive, but amendment would be futile in light of the fundamental legal deficiencies underlying the dismissed claims, as explained above. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile."); *Lamoon,*

United States District Court
Northern District of California

*Inc. v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (When a plaintiff's "claims have underlying legal deficiencies that cannot be cured, amendment would be futile.").

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without leave to amend with respect to Plaintiff's Due Process and INA claims, but DENIED with respect to Plaintiff's APA claim.

**IT IS SO ORDERED.**

Dated: August 3, 2026



Eumi K. Lee
United States District Judge